IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Mario Shivers, #344174,                    )     C/A No.: 1:18-1691-JFA-SVH
                                           )
                     Petitioner,           )
                                           )
          vs.                              )          REPORT AND
                                           )       RECOMMENDATION
Warden Williams,                           )
                                           )
                     Respondent.           )
_____           )

Mario Shivers ("Petitioner"), proceeding pro se, filed this action requesting habeas corpus relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition without prejudice and without issuance and service of process.

On July 2, 2018, the court ordered Petitioner to pay the filing fee or complete and return the Form AO 240 (application to proceed in forma pauperis). [ECF No. 4]. Petitioner was warned that failure to comply with the court's order by July 23, 2018, may subject the case to dismissal. *Id.* Petitioner did not file a response. The court issued a second order on July 30, 2018, again directing Petitioner to pay the filing fee or file an application to proceed in forma pauperis. [ECF No. 9]. Petitioner was again warned that failure to comply with the court's

order by August 20, 2018, may subject the case to dismissal. *Id.* Petitioner did not file a response.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. Based on Petitioner's failure to respond to the court's July 2 and 30, 2018 orders, the undersigned concludes Petitioner does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

August 24, 2018                         Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

2

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).