IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Shivers, #344174, | C/A No. 1:18-1691-JFA-SVH |
| Petitioner, | |
| v. | **ORDER** |
| Warden Williams, | |
| Respondent. | |

Mario Shivers ("Petitioner") is an inmate at the McCormick Correctional Institution in McCormick, South Carolina. Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 20, 2018. (ECF No. 1). Thereafter, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action without prejudice and without issuance and service of process for Petitioner's failure to prosecute his case under Fed. R. Civ. P. 41(b). (ECF No. 13). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. Petitioner

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

was advised of his right to file objections to the Report, which was entered on the docket on August 24, 2018. (ECF No. 13). The Magistrate Judge required Petitioner to file objections to the Report by September 12, 2018. (ECF No. 13). However, Petitioner did not file objections until September 17, 2018, thereby missing the filing deadline. (ECF Nos. 19).

In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Magistrate Judge has allowed Petitioner ample time to respond to the Court's orders and the Petitioner has failed to timely do so.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report. The petition is dismissed without prejudice and without issuance and service of process. Moreover, Petitioner's late application to proceed *in forma pauperis* is **DENIED**. (ECF No. 19). Finally, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

October 3, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).